**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-05391 (MCF) |
| ANTONIO OTERO NAZARIO | CHAPTER 13 |
| Debtor | |

**<u>OPINION AND ORDER</u>**

The question before the Court is whether the lease of the lower level of a two-story residence disqualifies a bankruptcy debtor from claiming the homestead exemption under Puerto Rico law. The matter under advisement comprises the Chapter 13 trustee's objection to the debtor's claim of homestead exemption (Docket Nos. 12, 21, 38 and 59 ) and the debtor's opposition thereto (Docket Nos. 17, 30, 36, 48 and 46). For the reasons stated herein, we hold that the debtor is entitled to claim an indivisible homestead exemption over his property. Consequently, the Court denies the trustee's objection to the debtor's claim of homestead exemption.

**PROCEDURAL HISTORY**

Antonio Otero Nazario (hereinafter, "the debtor") filed for bankruptcy relief under Chapter 13 on June 28, 2013. (Docket No. 1). He included a two story cement house on Schedule A and declared, under penalty of perjury, that the house was occupied by him as his principal residence. He also declared that no other property in or outside of Puerto Rico was claimed as a homestead. (Docket No. 1, at 18). The debtor claimed his residence as exempt under the Homestead Right and Family Home Protection Act, P.R. Laws Ann. tit. 31, §§ 1851-1857, as amended by Act No. 195 of September 13, 2011 (hereinafter, "Act 195") on Schedule C. He swore under penalty of perjury that the property was his principal residence. (Docket No. 1, at 22). Schedule D reflects that the property is unencumbered by liens. (Docket No. 1, at 23).

The Chapter 13 trustee, Alejandro Oliveras Rivera (hereinafter, "the trustee"), objected to the debtor's claim of homestead exemption alleging that (1) the debtor had not presented evidence of having executed, pre-petition, a homestead deed over the real property, (2) the debtor had not

presented evidence that the homestead deed was presented, pre-petition, at the Registry of Property and (3) the debtor's property is not used exclusively as his principal residence because he leases the lower level of the property to a tenant; all misgivings that would preclude the debtor from claiming the local homestead exemption. For these reasons, the trustee requested that the debtor's alleged homestead exemption be disallowed in its entirety because the debtor has not demonstrated that he can claim a homestead exemption under Act 195. (Docket No. 12).

The Court entered an order granting the trustee's objection to the homestead exemption as unopposed. (Docket No. 16). Subsequently, the debtor filed a motion for reconsideration of the order granting the trustee's objection to exemption, stating that he submitted supporting documents to evince his right to the homestead exemption in regards to the trustee's first and second objections. (Docket No. 17). Nevertheless, genuine controversy remained surrounding the trustee's third objection as to whether the debtor's lease of his property's lower level precludes him from claiming Puerto Rico's homestead exemption. The Court granted the debtor's motion for reconsideration and vacated its previous order granting the trustee's objection. (Docket No. 19).

The trustee filed a memorandum of law in support of his objection, alleging that Commonwealth law does not provide homestead protection for the debtor's property, given the debtor's lease of the lower level of his two-story home. The trustee posits that the word "exclusively," as articulated in Section 3 of Act 195, is controlling as to the debtor's occupancy of the residence and that as such the law requires that the property be exclusively occupied by him or his family. The trustee claims that the debtor is rendered ineligible to assert a homestead exemption over his property because he shares its occupancy with a tenant. (Docket No. 21).

The debtor filed his memorandum of law and reply to the trustee's objection to the homestead exemption. The debtor indicates therein:

> Other relevant facts concerning the property are that the debtor converted the house into two levels for the purpose of providing housing to his children and grandchildren. The debtor lives upstairs and sometimes rents the lower level on a verbal month-to-month basis to tenants. The tenants' rights to accessing the property for purposes of using it as their dwelling place [sic]. The Debtor is responsible for maintenance and all legal matters, such as taxes. The tenants are subject to

termination and ouster from the property on 30-day's notice. Consistent with prior experience, the Debtor fully expects to have to house his family during periods of family hardship.

"Response to Trustee's Objection to Exemption and Memorandum of Law in Opposition," Docket No. 21 at 2, ¶2.

The debtor alleges that the homestead statute at issue is vague and some aspects of the wording lack precision, but that its purpose is clear and unambiguous. He claims that Act 195 does not forbid other uses for the property nor does it forbid other persons from dwelling within its structure. The debtor urges the Court to interpret Act 195 in light of the public policy's purpose contained in its provisions. (Docket No. 30).

The trustee filed a response in which he argues that debtor's eligibility to the homestead exemption is contingent upon his occupancy of the residence. According to the trustee, the statute is free from all ambiguity as the word "exclusively" in the statute serves to modify the verb "occupied" and as such, the debtor does not exclusively occupy the residence as a home because he shares its occupancy with the property's lower-level tenant. The trustee also submits that the debtor's leasing activity is not contemplated in Act 195. He alleges that in contrast to Texas's homestead protection, the Puerto Rico legislature decided to limit the homestead exemption to property used and occupied exclusively as the homesteader's principal residence. The trustee alleges that Act 195 is in keeping with Florida's homestead law, which is more restrictive than Texas's homestead statute inasmuch as the Florida Constitution requires the exemption be limited to the residence only. (Docket No. 38).

The trustee requests that the Court deny the homestead exemption, or in the alternative, if the Court decides that the debtor is entitled to a homestead protection, that the protection be apportioned to the area of the residence occupied only by the debtor, as in In re Veguilla, 504 B.R. 316 (Bankr. D.P.R. 2014). The trustee agrees that this alternative solution provides an equitable outcome for both the debtor and his creditors. (Docket No. 38).

After granting the debtor's request to file a sur-reply and hearing parties' oral arguments, the Court allowed the parties to file supplemental briefs to their positions (Docket Nos. 48, 59 and

3

65) and a final hearing was held where parties answered several questions, upon which this Court took the matter under advisement.

## LEGAL ANALYSIS

### I. <u>Exemptions in general</u>

Generally, a debtor's assets become part of the bankruptcy estate when a debtor files a bankruptcy petition. 11 U.S.C. § 541. However, a debtor may reclaim certain property as exempt under 11 U.S.C. § 522. Property is exempt by operation of law if no party objects. 11 U.S.C. § 522(l); <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642 (1992). Nevertheless, a debtor's entitlement to exemptions is contingent to his compliance with the respective statutory requirements. <u>In re Gutierrez Hernández</u>, 2012 WL 2202931 *2 (Bankr. D.P.R. 2012). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." <u>Id.</u> (citing Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy ¶ 522.01 (16th ed. 2013)).

### II. <u>Section 3 of Act 195</u>

The centerpiece of this analysis is Section 3 of Act 195, which establishes two statutory requisites for an individual's entitlement to the Puerto Rico homestead grant: (1) the individual's ownership of the residential property and (2) the individual's occupancy, or his family members' occupancy of said property.[1]

---

[1] "Section 3.-Homestead Right.-Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, **which belongs to him/her or which he/she lawfully owns**, and **occupied by him/her or his/her family exclusively as a principal residence.** For the purposes of this Act, the term domicile shall be defined as provided in Article 11 of the Political Code of 1902, as amended." Act No. 195 of September 13, 2011, Section 3 (emphasis added). The definition of domicile is codified in Article 8 of the Laws of Puerto Rico Annotated:

Every person has in law a domicile. In determining the place of domicile the following rules are to be observed: (1) It is the place where one habitually resides when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose. (2) There can only be one domicile. (3) With respect to the jurisdiction of the courts a domicile cannot be lost until another is gained. (4) The domicile of unemancipated minor children is the conjugal domicile of their parents or that of the parent having 'the custody' in the event only one of the parents has it. (5) The domicile of the wife is presumptively the same as that of the husband and vice versa. During a divorce suit or when the spouses are in fact living separately, there is acknowledged the right of each spouse to have his or her own domicile. (6) The domicile of an unmarried minor subject to guardianship is the same as that of his tutor. (7) Domicile can be changed only by the union of act and intent.

P.R. Laws Ann. tit. 1, § 8.

Once the statutory and procedural requirements for homestead protection are met, "the individual or head of family residing in Puerto Rico shall be entitled to own and enjoy a principal residence, under the homestead right concept."[2] Puerto Rico's homestead grant secures the rights of a lawful owner of residential property so that he may exercise his property rights for his benefit or that of his family unit. Consequently, a homesteader's principal residence is protected from creditors' enforcement of civil judgments against his home. However, this protection does not extend to claims from mortgagees, state and federal tax authorities, eligible contractors, or other state and federal entities specified therein.[3]

### III. Statutory Interpretation

The parties disagree on the interpretation of Section 3 of Act 195's homestead occupancy requirement. Statutory interpretation starts—and often ends—with the text of the statute. Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 8 (1st Cir. 2007); Ferretería Matos, Inc. v. Puerto Rico Tel. Co., 110 P.R. Dec. 153 (1980), 10 P.R. Offic. Trans. 194, 198). Unless specially defined, the legislature's words are generally deemed to carry their plain and ordinary meaning. P.R. Laws Ann. tit. 31, § 14; Boivin v. Black, 225 F.3d 36, 40 (1st Cir. 2000); Ferretería, 10 P.R. Offic. Trans. at 198. When that meaning produces a plausible result, the inquiry typically ends. Plumley v. S. Container, Inc., 303 F.3d 364, 369 (1st Cir. 2002). Even so, plain meaning is not invariably the "be all and end all" of statutory construction. If a plain-meaning interpretation produces outcomes "that are either absurd or antithetical to [the legislature's] discernible intent," an inquiring court must continue its search. In re Shamus Holdings, LLC, 642 F.3d 263, 265 (1st Cir. 2011) (citing Stornawaye Fin. Corp. v. Hill (In re Hill ), 562 F.3d 29, 32 (1st Cir. 2009)).

Federal courts must follow a state's rules of construction when interpreting state-law exemptions. In re Soto, 2013 WL 3779382, *3 (Bankr. D.P.R. 2013) (citing Goldman v. Salisbury (In re Goldman), 70 F.3d 1028, 1029 (9th Cir. 1995)). The Court must consider principles of statutory interpretation provided by the Puerto Rico Civil Code (hereinafter, "P.R.C.C.") when

---

[2] Act No. 195 of September 13, 2011, Section 3.
[3] Id. at § 4.

5

examining Commonwealth statutes. Article 13 of the P.R.C.C. states: "In case of discrepancy between the English and Spanish texts of a statute passed by the Legislative Assembly of Puerto Rico, the text in which the same originated in either house shall prevail in the construction of said statute. . ." P.R. Laws Ann. tit. 31, § 13. From our own appreciation of the statute, the portions at issue as read in the English translation point to the same interpretation when read in the original Spanish text of Act 195 enacted by the legislature.[4] Since there is no discrepancy between both texts of Act 195—and neither party points to it—the statutory analysis of the statute's construction proceeds as to the English version.

Generally, federal courts must construe all exemption statutes liberally, in the debtor's favor, "to reflect their remedial purposes." Id. (citing Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7, 10 (1st Cir. 1996)). State homestead exemptions must also be liberally construed on behalf of the homesteader. Garran v. SMS Fin. V, LLC (In re Garran), 338 F.3d 1, 6 (1st Cir. 2003); Marty Pérez v. Ramírez Cuerda, 75 P.R. Dec. 858, 864, 75 P.R.R. 808, 814 (1954).

The trustee argues that upon a plain reading of Section 3 an individual is entitled to the homestead grant if he and/or his family members are the exclusive occupants of the residential property claimed as exempt. According to the trustee, the debtor here is ineligible to receive the homestead grant because part of his principal residence is shared with a tenant, and not exclusively occupied by the debtor or his family. The trustee's reading of the adverb "exclusively" in Section 3 modifies "occupy," thereby restricting the use that may be given to a claimed residential property in order to qualify for the homestead grant. We disagree.

Upon a plain reading of the statute, the adverb "exclusively" modifies "as a principal residence" and not "occupied." The adverb's placement and purpose in the clause are determinative factors of statutory interpretation in our analysis. Section 3 has several clauses that provide the contour of the homestead grant, as follows:

---

[4] "Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence." Id. at § 3.

> Section 3.-Homestead Right.-Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, **and occupied by him/her or his/her family exclusively as a principal residence.** For the purposes of this Act, the term domicile shall be defined as provided in Article 11 of the Political Code of 1902, as amended.

Act No. 195 of September 13, 2011, Section 3 (Emphasis added).

The portion at issue in Section 3 reads "and occupied by him/her or his/her family exclusively as a principal residence." This clause may be severed into three syntactic components. The first component, a coordinating conjunction and a verb, "and occupied," respectively, joins this clause to the rest of Section 3. The second component—"by him/her or his/her family"—joins the first thereby indicating possession and resulting in an adverbial phrase that modifies "occupied." The third part— "exclusively as principal residence"—is a prepositional phrase, resulting from the adverb "exclusively" and the preposition that follows.

As a general rule, an adverb should be placed as near as possible to the word it modifies.[5] Here, the adverb "exclusively" immediately precedes the prepositional phrase "as a principal residence" rather than "occupied." If the adverb "exclusively" preceded "occupied" then the occupancy of the principal residence would be unequivocally modified by the adverb "exclusively." The trustee would then be correct in his analysis that the debtor is disqualified from claiming the homestead protection over his residence because he shares the occupancy of his residence with a tenant. Nevertheless, the adverb's placement trumps the trustee's interpretation because exclusively is in close proximity and precedes the prepositional phase "as a principal residence."

Moreover, the adverb's purpose in the sentence structure is to modify the prepositional phrase, "as a principal residence." Adverbs may modify prepositional phrases.[6] Adjusting the purpose of the adverb "exclusively" as read by the trustee to modify "occupied" would render the

---

[5] "The general rule is that an adverb should appear as near as possible to the word it modifies. This placement ensures that the relationship and the intended meaning are clear." BRYAN A. GARNER, THE REDBOOK: A MANUAL ON LEGAL STYLE 207 (3rd ed. 2013).

[6] Adverbs "also join with prepositions and verbs to form phrases." Id. at 206. A preposition "relate[s] its object to another word in the sentence. . .The resulting prepositional phrase may serve as an adjective or adverb. . ." Id. at 209.

remaining portion—"as a principal residence"—needless in the text of Act 195. The word "exclusively" refers to the homesteader's principal residence as the sole residence eligible for entitlement to the homestead grant, with the exclusion of any other properties that a homesteader may own. For this reason, the adverb's purpose in the sentence structure undermines the trustee's reading of Section 3.

As such, Section 3 states that every homesteader or his family members must occupy his claimed principal residence, excluding a homestead claim to other residential properties they may own. This interpretation yields the most plausible result. The debtor in the present case is therefore entitled to claim a homestead exemption because he satisfies the two statutory prerequisites: (1) he owns the property and (2) he occupies it as his principal residence. Furthermore, there are no restrictions as to the debtor's ownership rights to use and enjoy his claimed homestead, other than to own and live in it.

### IV.    Puerto Rico Property Rights

Our inquiry continues as to whether the debtor's lease of a portion of his principal residence bars him from asserting a homestead right. Section 3 expressly grants a homesteader "the right to own and enjoy" a principal residential property.[7] Some of the integral components of owning property in Puerto Rico are the rights to use and lease one's property. To determine a homesteader's right to own and enjoy a residential property, we must look to Puerto Rico property laws. The Puerto Rico Civil Code provides that a person may have different classes of property rights.[8] Article 281 of the P.R.C.C. lists the components of property rights as: (1) ownership, defined as the right of use, enjoyment and disposal; (2) the right of use or enjoyment, or the right to both; and (3) the right to certain servitudes.[9] P.R. Laws Ann. tit. 31, § 1112. The three elements of ownership are

---

[7] Act No. 195 of September 13, 2011, Section 3.

[8] The principles codified in the P.R.C.C. concerning property rights mirror three principles codified in the Louisiana Civil Code of 1825. Figueroa v. Municipio de San Juan, 98 P.R. Dec. 534, 566-67, 98 P.R.R. 523, 554 (1970). (explaining that the drafting commission of the P.R.C.C decided to adopt the Louisiana Civil Code articles contained in Book Two rather than those originating from the Spanish Civil Code, in effect at the time). For this reason, we examine the Louisiana statutes and case law that preserve the same law to assist in nuancing the statutes pertaining to property and ownership rights in the P.R.C.C.

[9] Article 281 of the P.R.C.C. is based on current Article 477, paragraph (a), of the Louisiana Civil Code (former article 488 of the Louisiana Civil Code of 1825).

set forth as the rights of use, enjoyment and disposal of property. In the civil tradition, these three rights are referred to as the Latin nouns: usus, fructus, and abusus, respectively.[10] Each of these elements of ownership are comprised of the following subset of rights and faculties: (1) usus is the right to use or possess, i.e., hold, occupy, and utilize the property; (2) abusus is the right to abuse or alienate, i.e., transfer, lease, and encumber the property, and (3) fructus is the right to the fruits, i.e., to receive and enjoy the earnings, profits, rents, and revenues produced by or derived from the property. Rodríguez v. Rodríguez, 218 F.3d 432, 437 (5th Cir. 2000); In re Morgan R.R. & S.S. Co., 32 La. Ann. 371, 374 (1880).

Puerto Rico's legislature created a separate subchapter in the P.R.C.C to further define a property owner's rights of enjoyment and accession to fruits. As such, Article 288 states that a property owner has a right to natural fruits, cultivated fruits and civil fruits. P.R. Laws Ann. tit. 31, § 1141. Article 289 defines each of the fruits, in pertinent part, "[c]ivil fruits are the rents of buildings, the price paid for the lease of lands, and the amount of perpetual, life or other similar incomes." Id. § 1142. The enjoyment of rents from the lease of property is a faculty that Puerto Rico's legislature expressly recognized as a right of ownership in the P.R.C.C. In other words, an integral component of owning property in Puerto Rico is the right to lease one's property and enjoy its rents.

Section 3 explicitly preserves for every homesteader residing in Puerto Rico the right to own and enjoy a principal residential property under the homestead grant.[11] Intrinsic in the rights and faculties of ownership are the use, enjoyment and alienation of property. The exercise of these rights and faculties, such as homesteader's lease of property and the enjoyment of rents perceived from said lease, do not waive the homestead grant as long as the homesteader occupies the

---

[10] Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 79 So. 3d 246, 258 (La. 2011) (citing Marcel Planiol and George Ripert, Treatise on the Civil Law, Property, Vol. 1, Part 2, no. 2332, p. 380 (12th ed.1939) (translated by the Louisiana State Law Institute with the authority of Librairie Générale de Droit et de Jurisprudence (Paris)).

[11] "Homestead Right.- Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence." Act No. 195 of September 13, 2011, Section 3 (emphasis added).

protected property.

The trustee prompts the Court to consider Section 7 of Act 195[12]—which provides for the temporary lease of homesteader's principal residence in case of relocation to another residence in or outside the Commonwealth—as a decisive blow to the debtor's claim of homestead.[13] The trustee argues that the debtor herein is not leasing the property due to temporary relocation. The trustee claims that this provision governs all instances of leasing. This proposition is flawed.

Under the Puerto Rican civil tradition, owners of residential property are entitled to use, enjoy and dispose of their property. The enjoyment of property involves the faculties of an owner to lease and receive rents from the lease of property. Under Act 195, homesteaders may use and enjoy their claimed property under the guide of Section 3. Also under the homestead concept, homesteaders may lease their homestead property, in its entirety, while residing temporarily elsewhere for the reasons specified in Section 7. This section expands on this particular faculty of ownership by allowing homesteaders to lease their claimed homestead property entirely, while foregoing their temporary change of occupancy to another residence. However, under Section 3, homesteaders occupying their homestead residence may lease it, in part, unless they change their occupancy to an unprotected residence. Contrary to what the trustee claims, Puerto Rico's legislature expressly granted homesteaders the faculty to lease their protected homestead property by granting them the general rights of ownership and enjoyment expressly enunciated in Section 3, provided that homesteaders comply with the requirements set out in Act 195.

Courts must interpret Commonwealth statutes in order to produce an outcome that reflects the legislature's intent and also take into account the social end that inspired the statute. Pacheco v. Vargas, 120 P.R. Dec. 404, 409-411 (1988), 20 P.R. Offic. Trans. 421, 426-27; Ortiz Morales v. A.C.A.A., 116 P.R. Dec. 387 (1985), 16 P.R. Offic. Trans. 474, 478. The debtor claims that as part

---

[12] "Homestead Protection in Case of Leasing.- As long as the protected homestead beneficiary is alive, the temporary lease of the home which, for work or study reasons, military or diplomatic services, or due to the illness of any member of his/her family up to the third degree of consanguinity or affinity that compels the individual or his/her family to temporarily relocate to another residence in or outside Puerto Rico, shall not terminate the estate of homestead, unless another property is acquired and such property becomes the beneficiary's principal residence in Puerto Rico or in another jurisdiction." Id. at § 7.

[13] "Sur-Reply to Debtor's Response to Trustee's Objection to Exemptions," Docket No. 38 at 8, ¶¶ 12, 13.

of the legislative intent in Section 3, there can only be one residential property protected as homestead. The debtor iterates that the portion at issue in Section 3 serves as a protection to creditors in order to limit homesteader's place of residence to one, as opposed to several residences that homesteaders may simultaneously reside in and claim. The trustee dismisses this argument as unsupported by Act 195.[14] The debtor's interpretation can be gleaned from other provisions of Act 195 that require homesteaders to change or eliminate their property's homestead protection already in effect if they intend to reside in another property that they own.

The distinction between protected property and other property is articulated in Section 8 in the event that a homesteader sells his "protected property," as opposed to other unprotected residential properties.[15] The distinction is also included in Section 9, where the formal requirements in order to claim a residence as homestead are specified, stating that "no person may claim more than one property as a protected homestead."[16] Most importantly, the distinction between a residential property claimed protected under the homestead grant and other residential properties a homesteader may own is important, considering the criminal consequences Section 10 carries if a homesteader files or attempts to file in the Registry of Property a homestead claim for more than one property.[17] Contrary to the trustee's argument, the debtor's distinction of a claimed homestead property as principal residence vis-a-vis other residential properties comports with sections of Act 195 and the underlying legislative intent to protect creditors from fraudulent homestead claims. For this reason, the trustee's argument is unsubstantiated by Act 195.

## V. Other jurisdictions

In addition, the legislative intent enunciated by Act 195 is to provide Puerto Rican homeowners with similar protection as provided by statutes in Florida and Texas.[18] Thus, it follows

---

[14] "Trustee's Sur-reply to Debtor's Response to Trustee's Objection to Exemptions," Docket No. 38, ¶¶12-13 at 8.
[15] Act No. 195 of September 13, 2011, Section 8.
[16] Id. at § 9.
[17] Penalty for Unlawful Record.- Any person who attempts to or files a Declaration of Homestead with the Property Registry for more than one parcel belonging to him/her, or who attempts to or files a Declaration of Homestead in favor of another person who is not entitled to such right shall incur a fourth degree felony. In addition, should the person be found guilty of such offense, he/she shall not be entitled to claim the homestead protection for any of the properties involved in the unlawful act. Id. at § 10.
[18] Act No. 195 of September 13, 2011, Statement of Motives.

that local legislators examined those particular statutes before drafting Act 195. However, even though Florida and Texas law clearly define and restrict the scope of what is considered "a homestead," the Puerto Rico legislature chose not to articulate limitations in the statute to that effect.

Both Florida and Texas statutes have specific provisions that delineate the scope of the homestead exemption. Florida's statute, in its pertinent parts, provides the following:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, [. . .] the following property owned by a natural person:
>> (1) a homestead, <u>if located outside a municipality, to the extent of one hundred sixty acres of contiguous land</u> and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; <u>or if located within a municipality</u>, <u>to the extent of one-half acre of contiguous land</u>, upon which the exemption shall be limited to the residence of the owner or the owner's family. . . .

Fla. Const. Art. X, §4 (Emphasis added).

Texas's statute also establishes the extent of its homestead exemption, as follows, in its pertinent parts:

> <u>The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels</u>, with the improvements thereon; <u>the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land</u>, together with any improvements on the land; provided, that the homestead in a city, town or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant, whether a single adult person, or the head of a family. . . .

Tex. Const. Art. XVI, § 51 (Emphasis added).

Unlike Florida and Texas, Puerto Rico's legislature clearly decided to leave out restrictions regarding size in Act 195. The requirements for the homestead exemption are that the claimed property be the homesteader's principal residence, excluding any other residential property, and that the homesteader or his or her family members occupy the claimed residence. Absent any other limitations or restrictions on the scope and breadth of the homestead exemption, it is clear that

12

Puerto Rico's legislature intended that once homesteaders successfully claim the homestead exemption pursuant to Act 195, they are entitled to an indivisible homestead exemption over such property. In this regard, Puerto Rico's legislators chose to provide a far more extensive homestead exemption by articulating the provisions of Section 3 of Act 195 without limitations on the ownership rights homesteaders may exercise over an unspecified area of their claimed property.

This Court inducts from observing other jurisdictions' homestead statutes that Act 195 does not place limitations—other than the homesteader's required occupancy of his claimed principal residence—on size or on the exercise of ownership rights over his principal residence in order for him to preserve his homestead. However, this Court may not stray from the text of Act 195 to formulate alternative approaches that regulate the homestead protection based on deductions from other jurisdictions' homestead laws or their interpretative caselaw. The trustee's alternative proposition for the partial denial of homestead exemption is rejected for lack of statutory basis.

**CONCLUSION**

The homestead protection allows for an individual bankruptcy debtor in Puerto Rico to claim the local homestead exemption without any specific limitations as to the scope or size of the homestead property, as exist in Florida or Texas. In the instant case, the debtor complies with the requirements of the homestead exemption grant. Under local law, the debtor's lease of property and the enjoyment of rents from such lease, while the debtor resides in his principal residence, is not a circumstance that waives his claim to the homestead grant. Upon a plain reading, Act 195 entitles the debtor to the rights of ownership and the faculty to enjoy the proceeds that may be lawfully generated from the exercise of such rights under Puerto Rico law. The debtor's lease of the lower-level portion of his claimed residence and the enjoyment of rents from said lease, while the debtor lives in the upper level, is an exercise of the faculties of use and enjoyment that Act 195 and the Civil Code afford the debtor. The fact that the debtor shares occupancy of the residential property with another tenant does not disqualify the debtor from Puerto Rico's homestead grant. Absent limitations or restrictions in regard to ownership rights stated in Act 195, or those present in Florida and Texas homestead laws regarding size, it is clear that Puerto Rican legislators intended that once

homesteaders successfully claim their property as principal residence, they are entitled to claim an indivisible homestead exemption over such property.

Consequently, the Chapter 13 trustee's objection to homestead exemption is denied.

IT IS SO ORDERED.

In San Juan Puerto Rico, this 15th day of July 2015.


_Mildred Cabán_
MILDRED CABAN FLORES
U.S. Bankruptcy Judge

14